UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-7426-CIV-ZLOCH

Magistrate: Judge Seltzer

CGT PROPERTIES, INC., a Florida
corporation,

                Plaintiff,

vs.

CITY OF PARKLAND, SAL
PAGLIARA, individually; ROBERT
MARKS, individually, RICKY
GORDON, individually; BOBBY
PUGLIESE (PUGLIESE); and MARK
WEISSMAN, individually,

                Defendants.

_____/

**DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES**

COME NOW the Defendants, CITY OF PARKLAND (CITY), SAL PAGLIARA
(PAGLIARA), ROBERT MARKS (MARKS), RICKY GORDON (GORDON), BOBBY
PUGLIESE (PUGLIESE) and MARK WEISSMAN (WEISSMAN), collectively referred to as
Defendants, by and through their undersigned counsel, and file this Answer and Affirmative Defenses
as follows:

1.      In response to the allegations contained in paragraph 1, the Defendants would admit
that this action purports to be an action for declaratory relief and for damages arising under the
provisions of the 5th and 14th Amendment to the Constitution of the United States and under federal
law.

2.      As to paragraph 2, the Defendants assert that Sections 26.012 and 34.01, Florida
Statutes (1997), speak for themselves and admit that there is concurrent jurisdiction in both federal

-1-

and state courts for the types of claims attempted to be made in the subject litigation.  The Defendants

deny the allegations as to damages and other allegations in paragraph 2.

      3.      The Defendants admit paragraph 3

      4.      The Defendants admit that CGT Properties, Inc. is a Florida corporation and are

without knowledge as to the remaining allegations contained in paragraph 4 of the Complaint and

deny same.

      5.      Defendants admit paragraphs 5 through 10 of the Complaint.

      6.      Defendants deny the allegations contained in paragraph 11.

      7.      As to paragraph 12, there are numerous allegations made which are more in the nature

of background information and not consistent with Rule 8, Federal Rules of Civil Procedure;

however, the Defendants would admit the first four sentences of paragraph 12.  The remaining legal

arguments as to the burden and standard of proof with regard to site plans, and other legal allegations

contained in the remainder of the paragraph are denied.  There are further citations of law and

quotations from cases in this paragraph.  The Defendants respond by denying all but the first four

sentences of paragraph 12 in that the remainder of the paragraph attempts to build a legal argument

by taking segments of the case law out of context;  these allegations are denied.

      8.      As to paragraph 13, the Defendants would admit that site plan criteria is set out in

Sections 13-63 through 13-66 and Sections 13-70 through 13-79 of the City Code, but would

affirmatively state that this is not inclusive of all the requirements for site plan approval.  Those

provisions are contained in Sections 13 and 22 of the City Code.  The Defendants would admit the

remainder of the paragraph except that they are unable to either admit or deny the last sentence of

the paragraph and therefore would deny said sentence. All allegations not specifically admitted are denied.

9.     As to paragraph 14, Defendants would admit the site plan application was filed with the CITY by CGT on May 15, 1998. The Defendants are without knowledge as to the remaining allegations contained in said paragraph and therefore deny same.

10.    As to paragraph 15, the Defendants would admit that the property has a zoning classification of B-3 for the purposes of permitted uses. The quotation from the B-3 zoning regulations contained in this paragraph is correct, but not complete. Defendants admit the allegations in this paragraph relating to the fact that the property is platted, but deny that there is any vesting of rights with regard to approval of a site plan of 250,000 square feet and all other allegations related to development rights. The Defendants also deny the allegation that the City Engineer determined that the site plan would have no adverse impact. All allegations not specifically admitted are denied.

11.    As to paragraph 16, the Defendants deny the allegation contained in paragraph 16 that the property is ideally suited for commercial use. The Defendants admit the geographic descriptions contained in the remainder of the Complaint, but deny the allegation that the reconfiguration of the property imposed severe constraints on the development of the property and was a major factor in design of the final site plan. All allegations not specifically admitted are denied.

12.    As to paragraph 17, the Defendants would admit that the description of the surrounding uses is generally accurate, but would affirmatively assert that it is not complete and thus deny all but the specific descriptions. All allegations not specifically admitted are denied.

13.    As to paragraph 18, Defendants admit that CGT filed an application for site plan, but are without knowledge of the contract purchaser or status of the Plaintiff (though Defendants

acknowledge that CGT has claimed to be the contract purchaser in the site plan application) and therefore must deny same. Defendants admit that Oriole consented to the site plan application, but would also affirmatively assert that 1.2 acres of the property in question is owned by the CITY OF PARKLAND, and no consent for the application was granted by the CITY OF PARKLAND. Therefore, any allegation that there was proper authority for a site plan application on the whole site is denied. All allegations not specifically admitted are denied.

14. As to paragraph 19, the Defendants admit the general description of the site plan as contained therein, but would deny the allegations with regard to the out parcels and deny the allegations as to the development potential of the entire site and all allegations as to whether the development rights were in fact maximized. All allegations not specifically admitted are denied.

15. As to paragraph 20. Defendants are without knowledge of the preparation of the Plaintiff as alleged therein, and therefore must deny said allegations. All descriptive comments with regard to the Community Appearance Board actions, as contained in paragraph 20, are denied; however, the dates of said meetings and the citation contained therein are admitted. The description of the motion made is denied as the CITY affirmatively alleges that the project was merely permitted to move forward to the Planning and Zoning Board with the understanding that the Community Appearance Board would again review the project. All allegations not specifically admitted are denied.

16. As to paragraph 21, the Defendants admit that on June 10, 1998, a Planning and Zoning Board meeting was held. Defendants admit that the site plan application was tabled pending receipt of certain additional information. Defendants admit that the quotations contained in said paragraph are contained in the transcript, but would assert affirmatively that receipt of additional

-4-

information through the quasi-judicial process revealed information with regard to the claimed retail use of the property by the Plaintiff, which indicated that such claim was not true.  All  allegations not specifically admitted are denied

17.     As to paragraph 22, Defendants admit that the Planning and Zoning Board considered the site plan on September 10, 1998.  The allegation as to the Planning Department recommendation is admitted as being only partially correct and thus must be denied, but Defendants affirmatively would allege that other reasons for denial were stated, as well as a concern that the proposed use of the B.J.'s Wholesale Club was a permitted use.  All allegations not specifically admitted are denied.

18.     As to paragraph 23, Defendants must deny the allegation in that it is an attempt to summarize a long Planning and Zoning meeting in a few sentences for the apparent purpose of making a point.  The summary is an inaccurate characterization and therefore Defendants deny the allegation.

19.     Defendants admit paragraph 24 of the Complaint.

20.     As to paragraph 25, Defendants admit that this paragraph contains some of the reasons which were specified in the motion denying the site plan by the City Commission, but would deny the allegation to the extent that it is meant to be a complete statement of the reasons for denial. Therefore, for the purposes of this pleading, the paragraph is denied.  Defendants would affirmatively allege that issues such as compatibility and whether the proposed use of the B.J.'s Wholesale Club was a permitted use were essential elements of the denial.  All allegations not specifically admitted are denied.

21.     Defendants recognize and admit that there are quotations contained in paragraph 26 which are accurate quotations from the City Code.  However, as to the remaining parts of paragraph 26, Defendants would deny them in that these are more in the nature of legal arguments and not a

short and plain statement of the grounds upon which the court's jurisdiction depends or a short and plain statement showing that the pleader is entitled to relief as required by the Federal Rules of Civil Procedure and are in fact incorrect and, therefore, denied.

22.     As to paragraphs 27, 28, and 29, Defendants would deny the allegations contained therein; while various quotations are correct, this paragraph is not a short and plain statement of the grounds upon which the court's jurisdiction depends or a short and plain statement of the claim upon which the pleader is entitled to relief as required by the Federal Rules of Civil Procedure. These paragraphs are, in essence, legal arguments, lifted almost in whole from a Petition for Certiorari filed with the Circuit Court of Broward County, and do not constitute allegations, but are more in the nature of legal argument and are therefore denied. All allegations not specifically admitted are denied.

23.     As to paragraph 29. Defendants would admit the quotation set forth therein as existing in the transcript of the proceeding and would admit that the quotations from the City's Planner are correct though incomplete. Further, the Defendants would affirmatively allege that a definition of "elegant country classic" is specified in detail in the Community Appearance Board Ordinance. Defendants deny the allegation that there is no definition of "elegant country classic" and all other allegations not specifically admitted.

24.     As to paragraph 30, the Defendants must deny same on the grounds that it is not a short and plain statement of the grounds upon which the court's jurisdiction depends, or a short and plain statement of the claim showing that the pleader is entitled to relief, but in fact a quotation (though accurate, but incomplete) from a Planning and Zoning member. Defendants would deny said paragraph in its entirety.

-6-

25.    Defendants would admit that paragraph 31 contains a partial quotation from the City Planner, but deny the remainder of said paragraph and all allegations not specifically admitted.

26.    As to paragraph 32, Defendants would admit that the CITY staff felt that the requirements for "elegant country classic" were not met, but deny the remainder of said paragraph.

27.    As to paragraph 33, the Defendants would admit that this paragraph contains a partial, incomplete quote from a member of the Planning and Zoning Board, but would deny the remainder of said paragraph.  All allegations not specifically admitted are denied.

28.    Defendants deny the allegations contained in paragraph 34.

29.    As to paragraph 35, Defendants admit that the site plan was denied because B.J.'s was a prohibited use because it had characteristics of both a wholesale and warehouse use, which are prohibited either as accessory or primary uses in a B-3 zoning district.  The quotations in said paragraph are partial quotations from the transcript.  The remainder of the paragraph is denied, as are all allegations not specifically admitted.

30.    As to paragraph 36 of the Complaint, Defendants deny the allegation that the site plan process has nothing to do with the uses which are to occupy the site plan or that the use may only be considered at the permitting or certificate of occupancy stage.  Therefore, this paragraph is denied. In fact, Defendants affirmatively assert that the Parkland Land Development Code requires the designation of land uses and requires that all land uses be permitted by the applicable zoning regulations.  Further, the Defendants would affirmatively assert that the Plaintiff specifically referred to B.J.'s as the primary use at the site, and, throughout the process, indicated that B.J.'s was to be the primary use to occupy the site.

31.     As to paragraph 37, Defendants deny that the CITY "jumped the gun" as set forth in said Complaint.  As to the change of position with regard to the permitted use issue, Defendants would affirmatively assert that the staff memos from the Planning and Zoning Board through the City Commission indicated concern with the permitted use issue and those memorandums and positions of both the City Planner and City Attorney were fortified as a result of the process which revealed that B.J.'s was in fact not a permitted use.  Defendants deny the allegation that the "change in position" was in fact a change in position or was in fact incorrect as a matter of law or logic, and deny all other allegations not specifically admitted.

32.     As to paragraph 38, Defendants admit that the property is within a B-3, General Business District.  Defendants admit that B-3 permits a wide variety of commercial and retail uses and excludes certain uses, including wholesale, warehouse, or storage uses.  Defendants admit that the Broward County Zoning Code does not contain definitions of wholesale, warehouse or storage uses.  Defendants deny all remaining allegations contained in said paragraph not specifically admitted.

33.     Defendants deny the allegations contained in paragraph 39 as being incomplete, and misrepresentations of the evidence and therefore, except as stated herein, deny said paragraph. However, Defendants admit that B.J.'s does operate out of a "big box" and calls itself a "Warehouse Club".  Defendants admit that certain articles as referred to were placed in the record, but affirmatively would allege that those articles do not contain the whole record.  Defendants would affirmatively assert that articles and testimony indicating that B.J.'s was a wholesale and a warehouse use were part of the record before the City Commission and that B.J.'s own expert witness indicated that wholesale and warehouse uses would be conducted at B.J.'s.  All remaining allegations in the paragraph not specifically admitted are denied.

34.     As to paragraph 40, Defendants admit that a random sampling of businesses in Broward County containing the words "wholesale" or "warehouse" were introduced.  Defendants would affirmatively assert that this was not probative evidence in that it consisted largely of a trip down 441 with no store investigation and the use of the yellow pages.  No comparisons to the present use were made or implied in said evidence.  The allegation that there can be no genuine argument as to the retail uses through the use of the term "wholesale" or "warehouse" in the trade name is incorrect, incomplete, and therefore is denied, as is the remainder of the paragraph.  All allegations not specifically admitted are denied.

35.     As to paragraph 41, Defendants deny same, except for that portion of the paragraph which asserts that the CITY believed the use was wholesale in whole or in part; however, the inference surrounding this part of the allegation is denied    All allegations not specifically admitted are denied.

36.     Defendants deny the allegation contained in paragraph 42 of the Complaint.

37.     Defendants deny the allegation contained in paragraph 43 of the Complaint.

38.     Defendants deny the allegation contained in paragraph 44 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 45 of the Complaint because they contain a thoroughly incomplete and inaccurate description of the wholesale/warehouse issue. Paragraph 45 is in the nature of legal argument, is a misrepresentation, and therefore is denied in full.

40.     As to paragraph 46, the Defendants deny that the CITY and Plaintiff were left to "scramble around" looking for definitions of "wholesale".  Defendants admit the one quotation provided in the Complaint, but deny all other editorial characterizations and legal arguments contained in said paragraph as not being a short and plain statement of the grounds upon which the

court's jurisdiction depends or a short and plain statement of the claim showing the pleader is entitled to relief. Further, the Defendants affirmatively assert that the quotation is only one of several quotations provided by the CITY's witnesses. The Defendants would affirmatively assert that other quotations and testimony by said expert are contradictory to the position set forth in the Complaint. Therefore, Defendants deny said paragraph in its entirety.

41.    Defendants deny the characterizations contained in paragraph 47 of the Complaint as being neither a short and plain statement of the grounds upon which the court's jurisdiction depends or a short and plain statement of the claim showing that the pleader is entitled to relief. The Defendants therefore deny the paragraph in its entirety.

42.    The Defendants admit that there are definitions in the standard industrial code and that one definition is accurately quoted in paragraph 48   The Defendants deny the remainder of the paragraph.

43.    As to paragraph 49, the Defendants admit the quotation in said paragraph, but deny the remainder of said paragraph. The Defendants affirmatively state that there are witnesses who contradicted B.J.'s claim that it operated a retail establishment, some of those witnesses were those presented by the Plaintiff itself and were contained in SEC filings of B.J.'s. All allegations not specifically admitted are denied.

44.    As to paragraph 50, Defendants again would admit the quotations contained in said paragraph, but deny the remaining allegations contained therein. Specifically, the Defendants would affirmatively state that numerous witnesses presented evidence which contradicted the claims made by B.J.'s at the hearing and as made in the Complaint on the wholesale/warehouse issue. All allegations not specifically admitted are denied.

-10-

45.     As to paragraph 51, Defendants admit that there is a quote from the CITY's Planning expert, Timothy Lunney, but denies the remainder of the paragraph as being a mischaracterization of the evidence presented before the City Commission, as well as an incomplete representation of the evidence, omitting testimony contrary to the position put forward in the Complaint.  Further, Defendants must deny the entire paragraph because it is not a short and plain statement of the grounds upon which the court's jurisdiction depends, or a short and plain statement of the claim showing that the pleader is entitled to relief; in fact, this section is again legal argument, which is incorrect, incomplete, and misrepresentative of the facts and testimony and therefore is denied in its entirety.

46.     Defendants must deny the allegations contained in paragraph 52 because they are not a short and plain statement of the grounds upon which the court's jurisdiction depends or a plain statement of the claim showing that the pleader is entitled to relief and, in fact, contains misrepresentations of the facts, legal argument which is incomplete and incorrect, any relevant material.  Therefore, paragraph 52 is denied in its entirety.

47.     As to paragraph 53, the City Commission did indicate that it found the site plan to be incompatible with the uses adjacent to it.  The Defendants also admit that the quotation from Commissioner Pugliese is a partial and incomplete quotation that appears in the transcript.  All allegations not specifically admitted are denied.

48.     As to paragraph 54, Defendants admit the partial quotation contained in 17-38 of the City Code as being correct, but deny the remainder of the paragraph as being incomplete, misrepresentive and legal argument which is not a short and plain statement of the grounds upon which the court's jurisdiction depends or a short and  plain statement of the facts showing that the

pleader is entitled to relief. Therefore, the remainder of the paragraph is denied, as are all allegations not specifically admitted.

49.   Paragraph 55 is admitted.

50.   Defendants deny paragraph 56.

51.   Defendants deny paragraph 57.

52.   As to paragraph 58, it is admitted except for the fact that the characterization of the "infrequent and irregular breaks of approximately 5 and 10 minutes" is an exaggeration and therefore denied. All allegations not specifically admitted are denied.

53.   As to paragraph 59, the Defendants deny that it is "policy" to conclude meetings at 11:00 p.m. The CITY would affirmatively state that it often exceeds said time period upon consent by the Commission, which has never been denied. Defendants admit the allegation that the Plaintiff's attorney requested a continuance, but Defendants are without knowledge as to the allegation relative to physical exhaustion of the court reporter and would therefore demand strict proof of said allegation and deny same. All allegations not specifically admitted are denied.

54.   As to the allegation contained in paragraph 60, Defendants would admit that Plaintiff's counsel again requested a continuance later in the meeting, that the quotation contained in said paragraph appears in the transcript, but denies the substance of same. All allegations not specifically admitted are denied.

55.   As to paragraph 61, Defendants admit that the partial quotations contained in the Complaint appear in the transcript, and admits that CGT presented its witnesses approximately between 12:00 p.m. and 5:30 a.m., but denies the remainder of said paragraph. The Defendants would affirmatively allege that the City staff was also required to remain at said meeting and all cross-

examinations and other argument were also required to be made by the City staff and its counsel at the same time. All allegations not specifically admitted are denied.

56.    Defendants deny the allegations contained in paragraph 62.

57.    In response to paragraph 63, Defendants would reallege their answers to paragraphs 1 through 62.

58.    As to paragraph 64, Defendants would admit that Count I purports to be a Count brought under Title 42 U.S.C. Section 1983, but denies that same states a cause of action under said statute or satisfies the requirement for filing such an action. All allegations not specifically admitted are denied.

59.    Defendants deny the allegations contained in paragraph 65 of the Complaint.

60.    Defendants deny the allegations contained in paragraph 66 of the Complaint.

61.    Defendants deny the allegations contained in paragraph 67 of the Complaint.

62.    Defendants deny the allegations contained in paragraph 68 of the Complaint.

63.    Defendants are without knowledge as to the allegations contained in paragraph 69 of the Complaint with regard to retention of counsel and the obligation to pay a reasonable attorney's fee and therefore deny same. Defendants deny the remainder of said paragraph, as are all allegations not specifically admitted.

64.    As to paragraph 70, the Defendants reallege their answers to paragraphs 1 through 62 of the Complaint in response to said paragraph.

65.    As to paragraph 71, Defendants admit that Count II purports to be an action against the Commissioners individually under Title 42 U.S.C. Section 1983, but deny that said Count may be brought against the Commissioners individually or that the allegations in said Count constitute a

-13-

claim under said Section. Defendants also deny that the allegations contained in the Complaint constitute a cause of action under Title 42 U.S.C. Section 1983. All allegations not specifically admitted are denied.

66.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

67.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 74 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 75 of the Complaint.

70.     Defendants deny the allegations contained in paragraph 76 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 77 of the Complaint.

72.     Defendants are without knowledge as to the obligations of CGT to its counsel and therefore deny said allegation. The remainder of paragraph 78 is denied, as are all allegations not specifically admitted.

73.     As to paragraph 79 of the Complaint, the Defendants reallege their answers to paragraphs 1 through 62 as set forth above.

74.     As to paragraph 80 of the Complaint, the Defendants admit that Count III purports to be an action brought under Title 42 U.S.C. Section 1983, but deny that sufficient allegations are contained in the Complaint or exist which constitute a claim under said Section of the U.S.C.

75.     Defendants deny the allegations contained in paragraph 81 of the Complaint.

76.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

77.     Defendants deny the allegations in paragraph 83 of the Complaint.

78.     Defendants deny the allegations contained in paragraph 84 of the Complaint.

79.     Defendants deny the allegations contained in paragraph 85 of the Complaint.

-14-

80.     As to paragraph 86, the Defendants reallege their response contained above with regard to paragraphs 1 through 62.

81.     As to paragraph 87 of the Complaint, Defendants admit that this Count IV purports to be an action brought pursuant to Title 42 U.S.C. Section 1983, but deny that it constitutes a valid claim under said Section or that sufficient facts are alleged or exist which constitute a cause of action under said Section.

82.     Defendants deny the allegations contained in paragraph 88 of the Complaint.

83.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

84.     Defendants deny the allegations contained in paragraph 90 of the Complaint.

85.     Defendants deny the allegations contained in paragraph 91 of the Complaint.

86.     Defendants deny the allegations contained in paragraph 92 of the Complaint.

87.     Defendants deny the allegations contained in paragraph 93 of the Complaint.

88.     Defendants are without knowledge as to the obligations of the Plaintiff to its counsel and therefore must deny same.  The remainder of paragraph 94 is denied.

89.     As to paragraph 95, Defendants reallege their responses to paragraphs 1 through 62, as set forth above.

90.     As to paragraph 96, Defendants admit that this action purports to be one for a Declaratory Judgment under Chapter 86, Florida Statutes (1997).

91.     Defendants deny the allegations contained in paragraph 97 of the Complaint.

92.     Defendants deny the allegations contained in paragraph 98 of the Complaint.

93.     All other allegations not specifically referred to herein are denied.  In the response to each paragraph, because of the prolix nature of some of the allegations, and notwithstanding the

Defendants' efforts to file a good faith answer, the Defendants must specifically deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

The Defendants would allege the following affirmative defenses:

94.     Affirmative Defense No. 1:     Plaintiff lacks standing to file the claims contained in Counts I through V of the Complaint in that it has no ownership interest; Plaintiff was not the owner of the property in question at the time it sought the site plan approval referenced in the Complaint, but merely a contract purchaser for part of the property in question.

95.     Affirmative Defense No. 2:     Plaintiff lacks standing to challenge the action of the Defendants in that it did not have authorization to file for a site plan approval for the property in question inasmuch as the CITY, by admission of Plaintiff in footnote 1 in paragraph 8 of the Complaint, owned a 1.2 acre parcel of the property which is covered by the site plan. Notwithstanding the obligation of the CITY to sell the 1.2 acres to Oriole Homes Corp. upon the sale by Oriole Homes Corp. of the property to another party, CITY was at all times material hereto, the owner of the property in question and at all times material hereto the CITY never authorized any party to file a site plan on its behalf. Therefore, the Plaintiff is without standing to file this claim, has no valid property interest or property right which is protected by the United States Constitution, and may not claim a violation of rights based upon substantive procedural due process.

96.     Affirmative Defense No. 3:     Notwithstanding any of the allegations contained in the Complaint, the application for site plan approval was required to be denied as a matter of law based upon the fact that it sought a use which was not permitted in the zoning district in question.

-16-

97.     Affirmative Defense No. 4:     Notwithstanding anything contained to the contrary in the Complaint, the site plan in question was required to be denied as a matter of law because it was inconsistent with the Comprehensive Plan of the CITY OF PARKLAND, particularly the provisions requiring compatibility with neighboring uses (Policy 1.1.2, Parkland Comprehensive Plan) and policies relative to strip shopping centers.

98.     Affirmative Defense No. 5:     The Defendant Commissioners, PAGLIARA, MARKS, GORDON, PUGLIESE, and WEISSMAN are immune from liability under the doctrine of qualified immunity.

99.     Affirmative Defense No. 6:     Plaintiff's claims under Counts I and II purport to be actions for substantive due process.  However, based upon the fact that the CITY owns part of the property which is the subject of the site plan, and that the Plaintiff is only a contract purchaser of the remainder of the property, there is no federally protected property right or interest which was protected under the 5th and 14th Amendment to the United States Constitution or a claim violation of substantive due process.

100.     Affirmative Defense No. 7:     Counts I and II of the Complaint, while purportedly being Counts for violation of substantive due process, are in fact actions which claim a regulatory taking.  The Complaint does not adequately state facts which would indicate that any federally protected property rights were taken, nor that there has been any diminution of value or use of the property which would rise to the level of a compensable taking as recognized under the United States Constitution.

101.     Affirmative Defense No. 8:     Counts III and IV, while purporting to be procedural due process claims, are in fact actions which claim a regulatory taking.  The Complaint does not

adequately state facts which would indicate that any federally protected property rights were taken, nor that there has been any diminution of value or use of the property which would rise to the level of a compensable taking as recognized under the United States Constitution.

102.     Affirmative Defense No. 9:     As a general matter, no claim for violation of procedural or substantive due process set forth in the Complaint can be made based upon the allegations in the Complaint in that the Plaintiff demonstrates no constitutionally protected property right or interest which was violated.

103.     Affirmative Defense No. 10:   As to Counts I and II, the Complaint does not contain allegations which would state a cause of action for a violation of Plaintiff's rights to substantive or procedural due process in that Defendants, in the exercise of discretion, rejected a site plan based upon evidence presented at the quasi-judicial hearing.  No claim as alleged may be grounded upon such an action by the City Commission

104.     Affirmative Defense No. 11:   The Plaintiff may not make a claim based upon violation of either procedural or substantive due process (as set forth in Counts I through IV) for said claims apply only to damage to a property right or interest.  The Plaintiff is the contract vendee of part of the property covered by the site plan.  The remainder of the property was owned by the CITY with whom the Plaintiff had no contract to purchase.  Based upon these facts, the Plaintiff did not have a sufficient property right or interest which would support a substantive due process or procedural claim in Counts I through IV.

105.     Affirmative Defense No. 12:   Plaintiff has no constitutionally protected property right in a permit application, receipt of a permit, or receipt of site plan approval and therefore may not base its claims as set forth in Counts I through IV on the action in denying a site plan.

-18-

106.    Affirmative Defense No. 13:  Defendants deprived the Plaintiff of no constitutionally protected property interest or right.

107.    Affirmative Defense No. 14:  The right to site plan approval is not a constitutionally protected right which would give rise to a substantive or procedural due process claim as plead by the Plaintiff in Counts I through IV.

108.    Affirmative Defense No. 15:  The Plaintiff has failed to avail itself of available state court remedies to obtain compensation for any alleged taking or damage to its alleged property rights, and therefore may not bring this action under 42 U.S.C. 1983.  This court therefore lacks subject matter jurisdiction and this claim is not ripe for adjudication as to Counts I through V.

109.    Affirmative Defense No. 16:  The Plaintiff had no investment backed expectations which would support its claims as set forth in Counts I through IV,  inasmuch as the Plaintiff has no ownership interest in the property in question and was aware of the regulations in question prior to its application and certainly prior to investing in the property.

110.    Affirmative Defense No. 17:  Chapter 70, Florida Statutes, contains a provision for a remedy where action of a government authority inordinately burdens private property.  A claim has been made under said Act and therefore there is no jurisdiction to hear the takings claim, substantive due process claim, or takings claim disguised as a substantive due process claim where such a remedy exists and has been invoked.

111.    Affirmative Defense No. 18:  Plaintiff has not alleged an abuse of government power which would cause the discretionary action in denying a site plan to raise to the stature of a constitutional violation, as alleged in Counts I through IV.

112.   Affirmative Defense No. 19:   The allegation of violation of procedural due process, (Counts III and IV), based upon the length of the hearing, does not state a cause of action inasmuch as CITY staff was required to participate during the same hours and with the same degree of attention and energy as the counsel for Plaintiff.  Therefore, no violation of procedural due process occurred.

113.   Affirmative Defense No. 20:   No basis for violation of either substantive or procedural due process (as alleged in Counts I through IV) exists in that the general allegations that the action of the City Commission was for improper motives and by means that were pretextural, arbitrary and capricious, are not demonstrated by the allegations contained in the Complaint.  Further, the motives of individual Commissioners on voting on a quasi-judicial zoning issue are not relevant and may not be used as basis for a cause of action in the instant case.

114.   Affirmative Defense No 21:  Plaintiff's claims in Counts III and IV based on procedural due process are void and fail to state a cause of action in that these claims mix allegations relating to taking of property without just compensation with procedural due process issues, as well as substantive due process issues (and possibly just compensation issues),  and therefore cannot state a cause of action upon which relief can be granted.

115.   Affirmative Defense No. 22:   Plaintiff's claims are not ripe for adjudication in that there has been no determination as to the uses which can be made of the property.  In fact, the denial by the CITY dealt with whether the major tenant was a permitted use, compatibility issues as far as arrangement of the site plan, and architectural issues.  This does not rise to the level of a final decision upon which the claims asserted in Counts I through IV may be based.

116.    Affirmative Defense No. 23:   The Plaintiff never investigated alternative uses, many of which are permitted in the B-3 District and under the applicable Parkland City Code Sections. Such action is a prerequisite to the claims set forth in Counts I through IV.

117.    Affirmative Defense No. 24:   This matter is not ripe for consideration in that no decision with regard to all the possible uses of the property or any alternate uses of the property has been rendered or sought by the Plaintiff nor does Plaintiff allege that it has sought alternative development, more acceptable plans for the property.

118.    Affirmative Defense No. 25:   Plaintiff has filed for a Petition for Writ of Certiorari to reverse the action complained of.  That remedy, and any state remedies should be sought to conclusion as a prerequisite to this action.

119.    Affirmative Defense No. 26:   Counts III and IV, while purportedly procedural due process claims, do not address procedural due process issues except as regards the length of the hearing and therefore fail to state a cause of action.

120.    Affirmative Defense No. 27:   Count V fails to state a cause of action for declaratory judgment in that it seeks to have this court exercise the zoning and land use powers of the City Commission, thus violating the separation of powers.

121.    The entire claim fails to state a cause of action and the relief requested should be denied because the proposed site plan encroaches on utility easements and drainage canals which were never abandoned and still exist and an irrigation agreement which is an essential element of the site plan has not, to this date, been executed by any party.  Additionally, prerequisites dealing with water and sewer service remain unsatisfied by Plaintiff.  Therefore, for reasons solely unrelated to those claims, the site plan, as a legal matter could not be approved.

-21-

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished, via United

States Mail, to L. LOUIS MRACHEK, Esq., Gunster,Yoakley,Valdes-Fauli & Stewart, P.A.,

attorneys for Plaintiff, 777 South Flagler Drive, Suite 500 East, West Palm Beach, FL 33401, this

_____ day of February, 1999.

Andrew S. Maurodis, Esquire
Attorney for Defendants
150 N. E. 2nd Avenue
Deerfield Beach, Florida 33441
Telephone: (954) 480-4265
Telecopier: (954) 480-4490
Florida Bar No. 259551

Chattpc2\Parkland\Litigation\CGT Properties\Answer

-22-